UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RIANA SANTOS-VERCELLI,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE LEE MOSES; SARAH BUSDON; NICK BUSDON; DOUGLAS ALLEN,<br><br>    Defendants. | Case No. 1:25-cv-00074-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Riana Santos-Vercelli's Application for Leave to Proceed in forma pauperis (Dkt. 1) and Complaint (Dkt. 2). Under 28 U.S.C. § 1915, the Court must review Santos-Vercelli's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Santos-Vercelli's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2). For the reasons below, the Court DENIES Santos-Vercelli's application to proceed in forma pauperis and REMANDS this case back to the Idaho Fifth Judicial District Court.

## II. BACKGROUND

On October 12, 2024, Santos-Vercelli gave birth to a baby girl. Defendant Jesse

Moses claims to be the child's father, while Santos-Vercelli claims she is unsure of the paternity of the child. On January 11, 2025, Santos-Vercelli and Moses got in a disagreement with Defendant Douglas Allen present. Santos-Vercelli was charged with domestic violence and battery, and her baby was hospitalized due to injuries sustained in the incident. Shortly thereafter, on January 15, 2025, Moses filed a petition for paternity, custody, visitation, and support of the child after the child was returned to Santos-Vercelli's mother. Dkt. 2-2, at 9–18.

The custody case proceeded in Blaine County Magistrate Court for just a few weeks before Santos-Vercelli filed her petition for removal with the instant Court on February 10, 2025. In her petition of removal, Santos-Vercelli claims all four Defendants worked together to kidnap her child by falsely accusing her and getting her arrested for crimes she did not commit. She removed the case to the instant Court seeking monetary damages, sole custody of her daughter, a permanent protection order, an order preventing Child Protective Services from interfering in her family's life, and an order that she no longer be required to do drug testing.[1] She requested removal due to the "heinous crimes against [herself] and [her] new baby, based on Constitutional Law and Indigenous Rights." Dkt. 2-1, at 7.

### III. LEGAL STANDARDS

A. **Removal to Federal Court**

Put simply, a case may only be removed to federal court if the Plaintiff originally could have filed the case in federal court but chose to file in state court instead. If not, the

---

[1] Santos-Vercelli's requests for relief are quite detailed (Dkt.2-1, at 7). Only the most pertinent parts have been mentioned here.

federal district court does not have subject matter jurisdiction over a case and cannot hear it. *See* U.S. Const. art. III, § 2, cl. 1. Under the well-pleaded complaint rule, a case can be filed in federal court only when the plaintiff's statement of his own cause of action—i.e. the complaint—shows that the federal court can properly exercise jurisdiction. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. Of Cal. V. Construction Laborers Vacations Trust for Southern Cal.*, 463 U.S. 1, 10 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

Under 28 U.S.C. § 1331, district courts have original jurisdiction over all civil actions arising under "the Constitution, laws, or treaties of the United States." A defendant may remove an action brought in state court to the district court if the district court has original jurisdiction. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A case may also be removed based on diversity jurisdiction where there is complete diversity between the parties, the amount in controversy is more than $75,000, and no defendant is a citizen of the state in which an action is originally brought. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a)(1).

Federal district courts are courts of limited jurisdiction and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F.Supp.2d 1178, 1184 (N.D. Cal. 2011). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is

MEMORANDUM DECISION AND ORDER - 3

strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

B. **Application for Leave to Proceed in Forma Pauperis**

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, an applicant must submit an affidavit that includes a statement of all assets they possess which indicated they are unable to pay the fee required. The affidavit is sufficient if it states that the applicants, because of their poverty, cannot "pay or give security for the costs" and still be able to provide for themselves and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or any portion thereof,

if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The litigant cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, litigants—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, litigants should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### IV. DISCUSSION

A. **Removal**

Santos-Vercelli is attempting to remove this case to the instant Court based on both federal question and diversity jurisdiction. Turning first to federal question jurisdiction, Santos-Vercelli completed a civil cover sheet, which she submitted with her Complaint. For her cause of action, she listed 28 U.S.C. §§ 1441(b), 1404, 1331, 1332, "Tribal Treaty Protections," "Treaty of Birds Fort," and the Constitution. Dkt. 2-3, at 2. As to the nature of the suit, she listed real property in the form of her child, personal injury, assault, libel,

and slander, constitutionality of state statutes, the False Claims Act, and other civil rights, among others.

There are several shortcomings in Santos-Vercelli's pleadings when it comes to raising a federal question, and those shortcomings all relate to the fact that this case is, at its core, a custody proceeding. As the Court has previously explained, "Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction." *Quinn v. Kibodeaux*, 2020 WL 6701457, at *1 (D. Idaho Nov. 13, 2020).

Under the long-standing *Younger* abstention doctrine, federal courts must abstain from hearing cases that would interfere with pending state court proceedings that implicate important state interests. *Younger v. Harris*, 401 U.S. 37 (1971); *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Family law issues—including child custody—are matters of Idaho state law and should be dealt with in Idaho state courts. As the Ninth Circuit has noted:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983).

The proceedings in state court to determine paternity, custody, visitation, and support over Santos-Vercelli's daughter are ongoing.[2] In large part, the relief Santos-Vercelli requests from the instant Court is to bypass the state court to determine custody of

---

[2] Case No. CV07-25-00034, Blaine County Magistrate Court; Dkt. 2-1, at 8–10.

MEMORANDUM DECISION AND ORDER - 6

her child, enter a protection order against the Defendants, limit their social media postings about her, and ensure Child Protective Services does not become involved in the future. Dkt. 2-1, at 7. All these decisions are squarely within the purview of the state court. It would be improper for the instant Court to insert itself in these matters of domestic relations when it is well established the federal courts do not have the power to do so.[3]

What's more, despite Santos-Vercelli's repeated assertions that her constitutional and indigenous rights are implicated here such that a federal forum is more appropriate, she has not provided any viable support for those assertions that would make federal question jurisdiction appropriate. She did not clearly indicate which provision of the Constitution she believes applies in this case, but there are some indications throughout the record that she believes her right to travel and the rights to her property (in the form of her child) have been violated by the Defendants.

First, the Constitution generally only protects individuals from the violation of their rights by government actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982) ("[M]ost rights secured by the Constitution are protected only against infringement by governments . . . ."). All defendants in this case are private individuals and are thus incapable of violating Santos-Vercelli's rights, subject to certain exceptions which do not apply here.

---

[3] *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (citations omitted) ("[F]ederal courts decline to hear disputes which would deeply involve them in domestic matters."); *See also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (finding that the case, "while raising constitutional issues, is at its core a child custody dispute. The state courts have already considered the merits of [the] claims. . . . The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision").

MEMORANDUM DECISION AND ORDER - 7

Second, the Court assumes Santos-Vercelli is claiming she has a right to her child as her property under the Fourth Amendment. That is simply not true. If that is not what Santos-Vercelli is implying, she has provided no other indication of how her property rights have been violated and which federal law would allow her to pursue that hypothetical violation in federal court.

Third, none of the other statutes that Santos-Vercelli listed grant the Court subject matter jurisdiction. 28 U.S.C. § 1331 is the statute giving the Court jurisdiction when there is a federal question, but that statute, in and of itself, does not give a person a cause of action in federal court. Section 1332 relating to diversity jurisdiction does not apply here because all parties are domiciled in Idaho, so there is not complete diversity between the parties.[4] Relatedly, section 1441(b) dictates the rules for removal to federal court when there is diversity jurisdiction, but it does not supply an independent cause of action, and there is no diversity jurisdiction here. Section 1404 discusses change of venue, which is the transfer of a case between courts, which does not supply an independent cause of action. In other words, Santos-Vercelli failed to provide any federal statute or reference to the Constitution which shows this case could have been originally filed in federal court rather than state court, so the Court lacks subject matter jurisdiction. The case must be REMANDED.

The Court will briefly note Santos-Vercelli has indicated her indigenous rights have been violated. Each of her references to treaties, however, are insufficient grounds for the

---

[4] If any plaintiff and any defendant are domiciled in the same state, complete diversity has been destroyed, and jurisdiction is not proper under 28 U.S.C. § 1332.

MEMORANDUM DECISION AND ORDER - 8

Court to have subject matter jurisdiction. A party to a lawsuit being indigenous does not automatically make the federal courts a proper forum for the adjudication of a lawsuit[5], and even if it did, Santos-Vercelli has not provided any information as to her indigenous lineage, nor that of any other party. Her specific reference to the Treaty of Birds Fort, and the reference to "Tribal Treaty Protections" somehow related to the state of Texas (Dkt. 2-1, at 1), do not clearly show a treaty has provided Santos-Vercelli, as an indigenous person, the right to pursue a federal case to get custody of her daughter, an injunction, and a monetary reward. Thus, remand is proper.

B. **In Forma Pauperis**

Santos-Vercelli's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is extremely bare. In it, she claims no income, expenses, or money in her bank account. Rather, she explains her family is completely supporting her and her newborn baby, including with transportation as she has no assets and no car. She does note that she has $900 in cash, and that "[i]f denied, [she] will try to borrow the money from family." Dkt. 1, at 5. Strictly speaking, Santos-Vercelli could use the limited cash she does have to pay the $405 filing fee, considering she has no expenses, so using that cash would not prevent her and her child from having access to the necessities of life. Additionally, Santos-Vercelli

---

[5] The proper forum for the adjudication of a lawsuit can be complex. While the domicile and residence of the parties can be a factor (*see* 28 U.S.C. § 1391(b)) in determining which federal court should handle a case, a court must also consider whether it has subject matter jurisdiction over the case, as the Court has here, and personal jurisdiction over the parties. The simple fact that one party or multiple parties to a case are indigenous does not bypass these requirements such that a federal court is the proper place to hear such a case. *See, e.g., R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) (citing *Littell v. Nakai*, 344 F.2d 486, 489 (9th Cir. 1965) ("[I]n cases involving Indians diversity jurisdiction is precluded when state jurisdiction would infringe upon the right of the Indians to self-government.").

MEMORANDUM DECISION AND ORDER - 9

indicated her family could be able to help her with the fee. Without more information on her family's finances, Santos-Vercelli has not attested to her poverty with the certainty required to approve her Application. Thus, her Application is DENIED.[6]

The Court also briefly notes that, had it not already dismissed the case for lack of subject matter jurisdiction, Santos-Vercelli's failure to provide more than conclusory statements to support a federal cause of action would disqualify her from proceeding in forma pauperis. There is no claim upon which relief can be granted. Even construing her pleadings liberally because she is *pro se*, she did not articulate any claims or facts that could be adjudicated by this Court because domestic matters must be handled by state courts. While the Court often gives *pro se* applicants leave to amend their complaint and application to proceed in forma pauperis, the very nature of the underlying dispute is such that any amendments are not likely to remedy any deficiencies. As such, the Court will not allow for any amendments.

## V. CONCLUSION

The Court lacks subject matter jurisdiction over the claims at issue as domestic relations matters are to be decided by state courts. As a result, this case must be remanded. Additionally, Santos-Vercelli can provide for the necessities of life and still pay the federal filing fee, so her Application to Proceed in Forma Pauperis is denied.

## VI. ORDER

1. Due to the Court's lack of subject matter jurisdiction, this case is **REMANDED** to

---

[6] Although the Court is denying Defendant's application to proceed in forma pauperis, it will not require the actual filing fee because it is remanding the case.

MEMORANDUM DECISION AND ORDER - 10


the Blaine County Fifth Judicial District Court.

2. Defendants Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is **DENIED WITH PREJUDICE**.

DATED: May 7, 2025

David C. Nye
Chief U.S. District Court Judge